[Cite as *State v. Glascoe*, 2013-Ohio-1368.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25258 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CRB-2304 |
| v. | : | |
| | : | |
| BOBBY GLASCOE | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 5th day of April, 2013.

. . . . . . . . . . .

JOHN J. DANISH, Atty. Reg. #0046639, by STEPHANIE L. COOK, Atty. Reg. #0067101, Dayton City Attorney's Office, 335 West Third Street, Room 372, Dayton, Ohio 4502
      Attorney for Plaintiff-Appellee

DANIEL A. PERRY, Atty. Reg. # 0087548, 123 Boggs Lane, Cincinnati, Ohio 45246
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}      Bobby Glascoe appeals from his conviction and sentence on one count of

recklessly violating a protection order, a first-degree misdemeanor.

{¶ 2} In two related assignments of error, Glascoe challenges the legal sufficiency and manifest weight of the evidence to support his conviction.

{¶ 3} The record reflects that Glascoe and Jennifer Spain, the complaining witness, previously lived together and had a child together. Following their separation, Spain obtained a protection order against Glascoe. The order covered Spain and her child. On April 2, 2012, Glascoe was charged with two counts of recklessly violating the order. One count alleged a violation with regard to Spain, and the other count alleged a violation with regard to Spain's child. The charges stemmed from an incident the prior day when Glascoe and Spain had passed each other while walking in opposite directions in a residential neighborhood. At that time, Glascoe and Spain appear to have resided relatively close to one another. Spain was walking with her new boyfriend and her child. They were going to pick up a table they had purchased from a neighborhood resident. Glascoe was walking to his job at a Subway restaurant.

{¶ 4} Spain testified at trial that she recognized Glascoe as he approached. She stated that when he got within a couple of feet of her, he said: "I don't care if this breaks the f * * * protection order[.] I am going to walk wherever I feel like it. And I live here on Blackberry * * * and you can't come down here because of the protection order. F * * * you, b * * *." (Trial Tr. at 17-18). Spain's boyfriend, Joseph Stefan, testified that he heard Glascoe say something similar. (*Id*. at 52). Spain and Stefan denied saying anything back to Glascoe. (*Id*. at 18-19, 49).

{¶ 5} Glascoe's new girlfriend, Erica Smith, testified on his behalf. Smith explained that she works at the Subway restaurant with Glascoe. According to Smith, Glascoe arrived at

work on the day in question and mentioned that he had passed Spain. More specifically, Smith stated: "He told me that he walked past her and that she had immediately grabbed her cell phone and she had told him that she was calling the police and he told me that he had then told her that he was going to be at work at Subway on Linden Avenue and that if the police wanted to speak with him that that's where she needed to send them." (*Id.* at 72-73). The final witness was Glascoe's supervisor, Sharon Hammons. She confirmed that he worked on the afternoon in question and that he often walked to work. (*Id.* at 78-79). Glascoe did not testify at trial.

{¶ 6} The trial court found Glascoe not guilty of violating the protection order insofar as it covered Spain's child. The trial court found Glascoe guilty of recklessly violating the order, however, by initiating contact with Spain herself. In relevant part, the trial court reasoned:

> * * * It was argued in the closing statement that we are only here today because you happened to cross paths. I have no doubt today that this was not a planned incident. That you[,] all of you literally ran into each other and your paths literally crossed. I don't think Mr. Glascoe that was something that ever [was] intended. I don't think it was something that you planned. Had you saw each other, passed by and went to work, I would be making a completely different finding today. The argument in closing argument that we are only here because of you crossing paths and this case would not have happened is not true. If you had not opened your mouth and said any word, we would not be here today. I find considering all the testimony[,] considering the credibility, I found the testimony offered by the victim and [Stefan] * * * to be credible in

regards to they both gave consistent stories to what was stated that day. Now their stories were not identical in regards to the details. And to me that makes it even more credible that they contain the same type of language. What was not credible to me was that you showed up to work and said I told her I would be at work if she was going to call the police. So I am going to find that the State has presented sufficient evidence to enter a finding of guilty in regards to one count of violating a protection order.

(*Id*. at 95-97).

{¶ 7} On appeal, Glascoe contends his conviction is not supported by legally sufficient evidence and is against the manifest weight of the evidence. He asserts that, on multiple occasions, Spain had traveled in the vicinity of his residence—most notably on the day in question when she was picking up furniture. He contends this fact demonstrates her lack of fear. Glascoe also asserts that he was following his normal route to work and that he was "doing everything in his power to stay away" from Spain. Under these circumstances, he claims the State presented legally insufficient evidence to prove that he recklessly violated the protection order. For essentially the same reasons, he argues that his conviction is against the weight of the evidence.

{¶ 8} When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such

evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 9} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 10} With the foregoing standards in mind, we conclude that Glascoe's conviction is supported by legally sufficient evidence and is not against the weight of the evidence. The statute at issue, R.C. 2919.27, criminalizes recklessly violating the terms of a protection order. As applicable here, the protection order prohibited Glascoe from initiating any "contact" with Spain. The order defined "contact" to include in-person communication by any means. (Trial Tr. at Plaintiff's Exhibit 1A and 1C). Contrary to Glascoe's argument, the testimony of Spain and Stefan supports a finding that he recklessly initiated in-person

communication with her when he made the above-quoted remarks as they passed. In its role as trier of fact, the trial court was entitled to credit this testimony.

{¶ 11} Having reviewed the record, we believe a rational trier of fact could have found Glascoe guilty of recklessly violating the protection order. The evidence does not weigh heavily against his conviction. His two assignments of error are overruled, and the judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.


Copies mailed to:

John J. Danish
Stephanie L. Cook
Daniel A. Perry
Hon. Christopher D. Roberts